UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALVIN M. COLEMAN                                                          CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE                                        NO. 15-35-JJB

## RULING ON MOTION TO DISMISS

This case is before the Court on a Motion to Dismiss (Doc. 10) filed by the defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (LSU). Alvin M. Coleman (Coleman), the plaintiff, filed an opposition (Doc. 10); LSU did not reply. Oral argument is unnecessary.

### BACKGROUND

Coleman sued LSU, his former employer, in January of 2015. He alleged that he was fired due to his race and in retaliation for complaining about racial discrimination. His claims arise under Title 42 U.S.C. §1981 and §1983, and LSU filed this motion contending that the claims are barred by sovereign immunity. In the event that the Court finds LSU's arguments to have merit, Coleman has asked the Court to dismiss the claim without prejudice so that he may re-file in state court.

### Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a demand based on a court's lack of subject matter jurisdiction. The burden of proof rests with the party asserting that subject matter jurisdiction over the claim exists. *Willoughby v. United States*, 730 F.3d 746, 749 (5th Cir. 2013). When evaluating the motion, "the district court has the power

to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (quoting *Spotts v. United States*, 613 F.3d 559, 566–67 (5th Cir. 2012)).

## Analysis

In his opposition, Coleman argues against dismissal; however, he also argues in the alternative that the case be dismissed without prejudice so that he may refile in state court and that he be granted leave to amend his complaint—he wishes to add the individuals who he alleges discriminated against him to the suit. The Court will address both issues.

I. Dismissal Based on Sovereign Immunity

Under the Eleventh Amendment, states enjoy sovereign immunity from suits in federal court, and a suit against a state agency is considered a suit against the state. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–689 (5th Cir. 2002) (citing *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997)). The Fifth Circuit has, in the past, considered the LSU Board of Supervisors an arm of the state. *Pastorek v. Trail*, 248 F.3d 1140 (5th Cir. 2001). Congress may abrogate sovereign immunity, but to establish that Congress has done so, a plaintiff must show two elements: first, congress must "unequivocally express its intent to abrogate the immunity," and second, congress must have acted "pursuant to a valid exercise of power." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Regarding §1983, Congress did not intend to abrogate sovereign immunity. *Will Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *See also Quern v. Jordan*, 440 U.S. 332, 342 (1979).

LSU argues that the law is clear—it is an arm of the state, it is protected by sovereign immunity, and Congress did not intend to abrogate sovereign immunity through either §1981 or §1983. Coleman concedes that the law is settled on §1983, but argues that courts have distinguished §1981 from §1983 based on its origins, and that this distinction affects the sovereign immunity analysis. *E.g. Jones v. Mayor*, 382 U.S. 409, 439–444 (1968). He also argues that the Thirteen and Fourteenth Amendments grant Congress the power to abrogate sovereign immunity based on these cases and others. *E.g. Fitzpatrick v. Blitzer*, 427 U.S. 445 (1976).

As Coleman concedes, his §1983 claims are precluded by sovereign immunity; there is no question about the state of the law on this issue. Further, although Coleman makes a novel argument regarding the distinction between §1981 and §1983, the Court is aware of no case, and Coleman cites none, allowing a suit against a state or arm of a state, in federal court, based on §1981. The two statutes may be rooted in different laws, and those laws, rooted in different constitutional amendments, but Coleman has not made a convincing case that Congress intended to abrogate sovereign immunity[1] in passing the precursor to §1981. Therefore, LSU is entitled to sovereign immunity.

II.  Dismissal Without Prejudice and Leave to Amend

In his opposition, Coleman seeks these alternatives to dismissal with prejudice should the Court find LSU's sovereign immunity argument meritorious. He seeks dismissal without prejudice against LSU based on Louisiana law allowing suits against the state, in state court, on contract matters. *Palandro v. Board of Supervisors for University of Louisiana System*, 38 So.3d 474, 481 (La. App. 1 Cir. 2010) (indicating that "a claim based on an employee/employer

---

[1] This is true even if the Court accepted his argument that Thirteen and Fourteenth Amendments gave Congress the power to abrogate sovereign immunity in this manner.

relationship is contractual nature"). LSU did not file a reply, so it did not argue against dismissal without prejudice. Coleman also seeks leave to amend to add the individuals who he alleges discriminated against him, in their official and individual capacities, and although the claims against LSU are precluded by sovereign immunity, the Court will grant Coleman thirty days to amend his complaint to add these individuals before dismissing the suit.

## Conclusion

For the foregoing reasons, the Motion to Dismiss (Doc. 10) is DENIED at this time, and the plaintiff is granted leave to amend within thirty days or the case will be dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on June 23, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**