UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALVIN M. COLEMAN                                                  CIVIL ACTION

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE                                      NO. 15-35-JJB-RLB

<u>**RULING**</u>

This matter is before the Court on a Motion to Dismiss (Doc. 17) filed by the original defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU"), and on a Motion to Dismiss (Doc. 27) filed by the newly added defendants, Sam Territo, David Perrault, and John Kojis. The plaintiff, Alvin M. Coleman ("Coleman"), opposes the motions. *Pl.'s Opp'n*, Doc. 26; *Pl.'s Opp'n*, Doc. 32. Jurisdiction is based on 28 U.S.C. § 1331. For the following reasons, the defendants' Motions to Dismiss (Docs. 17, 27) are **GRANTED**.

I.      **Background**

In January 2015, Coleman filed a complaint against his former employer, LSU, alleging racial discrimination and retaliation in violation of 42 U.S.C. § 1981 and § 1983. *Compl.* 1–2, 5, Doc. 1. Plaintiff seeks declaratory relief and monetary damages. *Id.* at 6. LSU filed a motion to dismiss and asserted that it was entitled to state sovereign immunity under the Eleventh Amendment. *Def.'s Mot. to Dismiss* 1, Doc. 10. This Court found that Coleman's claims against LSU were barred by sovereign immunity; however, the Court denied the motion and allowed Coleman to amend his complaint to include individual defendants who allegedly discriminated against him. *Ruling on Mot. to Dismiss* 4, Doc. 15.

1

Coleman amended his complaint to add Sam Territo ("Territo"), Associate Director of the LSU Office of Facility Services, David Perrault ("Perrault"), the Facility Manager III with the Facility Management Department, and John Kojis ("Kojis"), the Facility Manager at the LSU Office of Facility Services. *First Am. Compl.* 1, 3, Doc. 16. Plaintiff sued these newly added defendants in both their individual and official capacities under both § 1981 and § 1983. *Compl.* 3, Doc. 1.

LSU then renewed its motion to dismiss. *Def.'s Mot. to Dismiss* 1, Doc. 17. Territo, Perrault, and Kojis filed a motion to dismiss Coleman's claims against them in their official capacity and Coleman's claims against Kojis in his individual capacity.[1] *Defs.' Mot. to Dismiss* 1, Doc. 27. The Court considers each of these motions in turn.

## II.    Discussion

### A.    LSU's Motion to Dismiss (Doc. 17)

The Eleventh Amendment grants a state, or "arm of the state," sovereign immunity from a suit against it in federal court. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688—89 (5th Cir. 2002) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). The Fifth Circuit has expressly stated that the LSU Board of Supervisors is an "arm of the state" for purposes of Eleventh Amendment immunity. *Pastorek v. Trail*, 248 F.3d 1140 (5th Cir. 2001). Congress can only abrogate a state's sovereign immunity if Congress "unequivocally expresses its intent to abrogate the immunity" and has acted "pursuant to a valid exercise of power." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)).

---

[1] Territo and Perault did not move to dismiss Coleman's claim against them in their individual capacities.

### 1.      § 1983 Claim

The law is well-settled that Congress did not intend to abrogate sovereign immunity for § 1983 claims. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). This Court previously found, as LSU contends and plaintiff concedes, that Coleman's § 1983 claim against LSU is precluded by sovereign immunity. *Ruling on Mot. to Dismiss* 3, Doc. 15. Because Coleman sued a state agency which has not waived its immunity nor which has had its immunity abrogated by Congress, LSU has sovereign immunity against this claim arising under § 1983. Accordingly, LSU's Motion to Dismiss Coleman's § 1983 claim is **GRANTED**.

### 2.      § 1981 Claim

Plaintiff argues that, unlike § 1983 which was enacted in accordance with Section 5 of the Fourteenth Amendment, § 1981 was enacted pursuant to Congress's powers under Section 2 of the Thirteenth Amendment. *Pl.'s Opp'n* 1, Doc. 26. Therefore, according to the Plaintiff, Congress has the authority to abrogate a state's sovereign immunity for a § 1981 claim. *Id.* at 2.

However, whether Congress acted in accordance with a valid exercise of power is only half of the inquiry. Although Congress may have the authority to abrogate state sovereign immunity for a § 1981 claim, Congress's unequivocal expression of intent to abrogate a state's immunity is vital. Neither the text of § 1981 nor case law demonstrate Congress's express intention to abrogate state sovereign immunity for § 1981 claims against the state or "arms of the state." In fact, the Fifth Circuit has previously stated that Congress has not validly abrogated state sovereign immunity for § 1981 claims. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Unlike Title VII, Section 1981 contains no congressional waiver of the state's eleventh amendment immunity."); *Clay v. Texas Women's Univ.*, 728 F.2d 714, 716 (5th Cir. 1984) (citing and quoting *Sessions*, 648 F.2d at 1069); *Hines v. Mississippi Dept. of Corr.*, No.

00-60143, 2000 WL 1741624, at *3 (5th Cir. 2000) ("Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985(3)"); *see also Petterway v. Veterans Admin. Hosp., Hous., Tex.*, 495 F.2d 1223, 1225 n.3 (5th Cir. 1974) ("Section 1981 contains no explicit waiver of sovereign immunity by the federal government but merely a general prohibition of discrimination on racial grounds."). Even if the Court were to find that Congress acted in accordance with a valid exercise of power, because Congress has not expressed its unequivocal intention to abrogate state sovereign immunity for a § 1981 claim, the Eleventh Amendment provides sovereign immunity to LSU against Coleman's § 1981 claim. Accordingly, LSU's Motion to Dismiss Coleman's § 1981 claims is **GRANTED**.

### B.      Territo's, Perrault's, and Kojis's Motion to Dismiss (Doc. 27)

The newly added defendants—Territo, Perrault, and Kojis—are being sued for violations of § 1981 and § 1983 in both their official and individual capacities for monetary damages and declaratory relief. *Compl.* 1, Doc. 1; *Pl.'s First Am. Compl.* 3, Doc. 16. The Court considers each of these claims in turn.

#### 1.      Claims Against Territo, Perrault, and Kojis in their Official Capacity

##### a)      § 1983 Claims Seeking Monetary Damages

The United States Supreme Court has established that state officials acting in their official capacity are not considered "persons" under § 1983. *Will*, 491 U.S. at 71. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . it is no different from a suit against the State itself." *Id.* "The Eleventh Amendment bars such suits unless the State has waived its immunity." *Id.* at 66.

In the instant case, the plaintiff is suing three state employees in their official capacity. The § 1983 claims against these three defendants in their official capacity are barred because

they are not considered persons under the statute and the claims are the functional equivalent of a suit against the state. Therefore, Territo's, Perrault's, and Kojis's Motion to Dismiss (Doc. 27) the § 1983 claims seeking monetary damages against them in their official capacity is **GRANTED**.

### b)      § 1983 Claims Seeking Declaratory Relief

The *Ex Parte Young* doctrine carves out an exception to Eleventh Amendment immunity given to state actors acting in their official capacity for suits seeking prospective relief. *Saltz v. Tenn. Dept. of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992). The reasoning underlying the exception is that "acts by state officials which are contrary to federal law cannot have been authorized or be ratified by the state; and suits seeking to enjoin such wrongful and unauthorized acts are not suits against the state and a federal courts' injunction against such wrongful acts is not a judgment against the state itself." *Id.* In order to meet the exception, "a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Id.* The Fifth Circuit has cautioned against plaintiffs' use of declaratory relief to circumvent a defendant's state of immunity. *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1287 (5th Cir. 1992).

Coleman asks the Court to enter a judgment:

a.  Declaring the rights of the parties and finding that the aforementioned conduct of the Defendant was in violation of 42 U.S.C. § 1981;
b.  Ordering the Defendants to pay Plaintiff compensatory damages, lost wages, retirement benefits and other fringe benefits, legal interest, attorneys' fees, costs and litigation expenses; and
c.  Ordering such other and additional relief as this court deems necessary or proper.

*First Am. Compl.* 3, Doc. 16. Coleman does not specifically seek any relief that is prospective in effect, but rather seeks declarations and orders from this Court to remedy past wrongs. The relief

sought by the plaintiff would not have the requisite prospective effect to meet the *Ex Parte Young* exception. Accordingly, Territo's, Perrault's, and Kojis's Motion to Dismiss (Doc. 27) the plaintiff's § 1983 claims seeking declaratory relief against them in their official capacities is **GRANTED**.

### c)      § 1981 Claims

The Fifth Circuit has held that a § 1981 claim cannot "proceed independently [of § 1983] against a government actor in his official capacity." *Minnis v. Bd. of Supervisors of Louisiana State Univ. and Agric. and Mech. Coll.*, 972 F. Supp. 2d 878, 884 (M.D. La. 2013) (citing *Oden v. Oktibbeha County*, 246 F.3d 458, 463 (5th Cir. 2001)). Section 1981 claims "must be brought through § 1983" because "[s]ection 1983 remains the only provision to expressly create a remedy against persons acting under color of state law." *Id.*

As discussed above, Coleman does not have valid § 1983 claims against Territo, Perrault, and Kojis. Thus, Coleman's § 1981 claim against Territo, Perrault, and Kojis—government officials acting in their official capacities—cannot proceed independently of Coleman's § 1983 claim. Accordingly, Territo's, Perrault's, and Kojis's Motion to Dismiss (Doc. 27) the § 1981 claims against them in their official capacities is **GRANTED**.

### 2.      Claim Against Kojis in his Individual Capacity

Kojis argues that he is entitled to qualified immunity because Plaintiff did not assert "any specific factual allegations against Mr. Kojis showing that Mr. Kojis participated in any activity which violated his rights." *Defs.' Mem. in Supp.* 5, Doc. 27-1. Qualified immunity awards government officials protection from suit when they perform discretionary functions as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This

analysis utilizes a two part test: first, the court must discern if the defendant's conduct violated the plaintiff's constitutional right, viewing the facts in a light most favorable to the plaintiff; second, the court must determine whether that constitutional right was clearly established at the time of the defendant's actions.[2] *Saucier v. Katz*, 533 U.S. 194, 200 (2001). To decide whether a right is clearly established, the court determines whether the actions of an officer would be clearly unlawful to a reasonable person in his situation. *Id.* at 2902. Each defendant's actions are to be analyzed individually; thus, a plaintiff's "complaint must allege facts that, if true, show that each defendant violated his rights by acting in a way that he or she should have known was unlawful." *Minnis*, 972 F. Supp. 2d at 884-85.

Coleman has not alleged any facts pertaining to Kojis's conduct. Kojis's name is only mentioned in the Plaintiff's First Amended Complaint twice: once, naming Kojis as a defendant; and second, praying that judgment be entered against him. *Pl.'s First Am. Compl.* 1, 3, Doc. 16. Thus, the plaintiff has failed to plead facts that, if true, could demonstrate that Kojis either violated or somehow participated in an activity that violated the plaintiff's constitutional rights. Therefore, Coleman's claims against Kojis in his individual capacity cannot proceed. Accordingly, the Motion to Dismiss (Doc. 27) Coleman's claims against Kojis in his personal capacity is **GRANTED** without prejudice to the plaintiff to further amend the complaint within thirty days.

## III.   Conclusion

For the foregoing reasons, LSU's Motion to Dismiss (Doc. 17) is **GRANTED**. Additionally, Territo's, Perrault's, and Kojis's Motion to Dismiss (Doc. 27) the plaintiff's § 1981

---

[2] In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court receded from the previously required sequence of the prongs of the *Saucier* test, which bound the court to consider whether the defendant's conduct violated the plaintiff's constitutional right before determining whether the right was clearly established. The court may now use its discretion in determining which prong to evaluate first.

and § 1983 claims against them in their official capacity is **GRANTED**. Additionally, the Motion to Dismiss (Doc. 27) claims against Kojis in his individual capacity is **GRANTED** without prejudice to the plaintiff to further amend the complaint within thirty days.

      Signed in Baton Rouge, Louisiana, on November 5, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**